UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **FILED UNDER SEAL** |
| v. | : | DOCKET NO. 3:02CR213(CFD) |
| PHILLIP STEWART | : | February 27, 2006 |

**UNITED STATES' IN CAMERA MOTION FOR
DOWNWARD DEPARTURE**

The United States has filed a "substantial assistance" motion in this case pursuant to Section 5K1.1 of the United States Sentencing Guidelines ("U.S.S.G.") and Title 18, United States Code, Section 3553(e). The motion requests that the Court impose a sentence of imprisonment below the defendant's applicable guideline range because the defendant has provided substantial assistance to the Government in the investigation and prosecution of other persons who have committed criminal offenses. The nature, extent, and significance of the defendant's cooperation is detailed in this memorandum.

**I. Introduction**

On May 19, 2003, the defendant pleaded guilty to count one of the indictment, which charged that Mr. Stewart knowingly and intentionally distributed 50 grams or more of a mixture and substance that contained a detectable quantity of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii). As part of his plea, the defendant admitted that his relevant conduct was between 50

and 150 grams of cocaine base.[1]  The United States Probation calculates the defendant's Guidelines range to be 360 months to life imprisonment.  See PSR at ¶¶ 8, 17 & 31.

The defendant also faces a mandatory minimum term of incarceration of ten years.

## II. Discussion

Section 5K1.1 of the Sentencing Guidelines permits the Court to impose a sentence of imprisonment below a defendant's applicable Sentencing Guideline range

> [u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, . . .

U.S.S.G. § 5K1.1.  Section 3553(e) of Title 18 of the United States Code permits the Court to impose a sentence of imprisonment below the otherwise applicable statutory minimum under the same circumstances.  The decision whether to make a motion for downward departure rests exclusively with the Government.  18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1; United States v. Garcia, 926 F.2d 125, 128 (2d Cir.)(quoting United States v. Rexach, 896 F.2d 710, 714 (2d Cir. 1990); cert. denied, 498 U.S. 969, (1990)); United States v. Huerta, 878 F.2d 89 (3d Cir. 1989), cert. denied, 439 U.S. 1046, (1990).  The Court in Huerta

---

[1] The defendant sold approximately 2¼ ounces ("2 and a Q") of cocaine base to a confidential informant working with the DEA on May 31, 2002.  The laboratory report indicates that the precise quantity of contraband weighed 61.6 grams.

-2-

observed that the question of "substantial assistance" is "self evidently a question that the prosecution is uniquely fit to resolve." Huerta, 878 F.2d at 92.  Upon the filing by the Government of a motion pursuant to U.S.S.G. § 5K1.1 and Section 3553, "the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect on defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."  18 U.S.C. § 3553(e).  See also Huerta, 878 F.2d at 94.  The Sentencing Guidelines, Section 5K1.1(a), provide that the appropriate reduction shall be determined by the Court based upon, but not limited to, the following considerations:

      (1)    the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

      (2)    the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

      (3)    the nature and extent of the defendant's assistance;

      (4)    any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; and

      (5)    the timeliness of the defendant's assistance.

The defendant has satisfied all of these criteria, which are addressed below.

### A)   **Nature and Extent of the Defendant's Assistance**

The defendant was arrested in August 2002, after having sold approximately 61 grams of crack cocaine to a confidential informant on May 31, 2002. Mr. Stewart was debriefed by members of the Hartford DEA and expressed a willingness to cooperate with law enforcement officials. Stewart acknowledged distributing crack cocaine in Hartford's Northend and elsewhere, and advised members of the DEA that based on his longtime involvement in drug trafficking, he was close to several similarly situated major crack cocaine dealers, including Avery Hansley, Troy Coleman, Carl Dudley and Eddie Fryer.

In addition to providing valuable historical information about these drug dealers, Stewart agreed to make controlled purchases of controlled substances from several subjects.

For example, in early 2003, Mr. Stewart made two controlled purchases of cocaine base from Avery Hansley, an active member of the Northend drug dealing community since the mid-1980s who, notwithstanding considerable scrutiny from the local law enforcement community, had escaped arrest let alone conviction. Based on Stewart's cooperation, Hansley pleaded guilty to federal drug trafficking charges – his first conviction ever – and is currently serving an 87 month prison sentence. Agents have learned from sources in the community that this arrest and prosecution made a serious impact on the "established" drug

dealers, who curbed their activities significantly.

Stewart also provided reliable information that included specific date, time and vehicle to be used by two Middletown crack dealers who were being supplied by Hartford dealers.  In May 2003, law enforcement officials, acting on Stewart's information, arrested Arnie Clark and Wayne Cockrell in a car and seized approximately 220 grams of crack cocaine.  Clark and Cockrell were prosecuted by state officials, and each man was sentenced to six years imprisonment.

In addition Stewart provided to members of the DEA task force in Hartford specific and reliable first-hand information relative to the actions and location of Eddie Fryer, another longtime Hartford drug dealer.  Stewart's information led directly to Fryer's arrest and conviction.  When confronted with federal prosecution, Fryer opted to plead guilty in state court and accept a sentence of seven years incarceration, suspended after three years.  This efficient disposition was welcomed by both federal and state law enforcement officials.

Further, Stewart provided information in January 2004 that resulted in the arrest of a Northend drug dealer and the seizure of 13 ziplock bags of marijuana, 1½ ounces of crack cocaine, $3,000, and five firearms. Significantly, of the five firearms, one was a stolen police gun, one was linked to a homicide, and one was a sawed off shotgun.  The suspect has pleaded guilty in

federal court to felonious possession of a firearm, in violation of 18 U.S.C. § 922(g), and possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841, and has been cooperating with law enforcement authorities relative to a local drug murder.

Also, Stewart provided a tip to the DEA and Hartford Police Department that led directly to the arrest and conviction on state charges of Kevin Burrell, a Jamaican crack cocaine dealer. Mr. Burrell was sentenced in the Superior Court to five years imprisonment, suspended after two years, and three years probation.  He is likely to be deported after serving his sentence.

In addition, Stewart provided timely information to DEA and Hartford Police officials regarding the location of two dangerous, federal fugitives wanted on drug trafficking charges. Specifically, Stewart apprised law enforcement of the precise location of Carl Dudley and Troy Coleman, and this information allowed law enforcement to arrest each man – both of whom have a history of fighting with police – without incident.  In fact, when DEA agents arrested Coleman, he had in his possession an extremely sharp straight-blade razor.  Dudley and Coleman were held without bond and ultimately convicted in federal court. Coleman was sentenced by Judge Hall to a 30 year term of

imprisonment[2] following a trial in July 2004 and Dudley was sentenced by Judge Chatigny to an eleven year term of imprisonment following a guilty plea.

> **B)  Significance and Usefulness of the Defendant's Assistance**

The defendant's cooperation was useful to the DEA and Hartford Police Department, among others, in their efforts to target local, violent crack cocaine dealers.  Stewart's information and pro-active cooperation was used to target long-time, well-established and violent area drug dealers.

> **C)  Truthfulness, Completeness and Reliability of the Defendant's Information and Testimony**

To the best of the government's knowledge, the defendant provided truthful, complete, and reliable information during the period of his cooperation.  The investigators who worked with the defendant found Mr. Stewart to be forthright and candid, and always available to them for questions, meetings and pro-active cooperation.  Stewart's information was also been independently corroborated by other sources of information.

However, once federal authorities discovered that Stewart had been arrested on state drug trafficking charges in January 2004, they terminated his cooperation.

---

[2] The court subsequently re-sentenced Coleman to 240 months imprisonment on February 16, 2006, after a remand pursuant to United States v. Crosby, 2005 WL 240916, No. 03-1675 (2d Cir. Feb. 2, 2005).

**D)    Timeliness of the Defendant's Assistance**

The defendant indicated his willingness to cooperate shortly after his arrest in this case. As such, his assistance was timely.

**E)    Injury to the Defendant Resulting from His Assistance**

The defendant's identity was never formally disclosed by federal authorities, although counsel for Avery Hansley was provided with a copy of Stewart's rap sheet (with certain identifying information redacted) and then notified of the fact the government's cooperating witness (Stewart) had been arrested by state officials in January 2004. It is suspected, therefore, that Hansley knows that Stewart cooperated against him and, by extension, that much of the Northend community has heard – at least in rumor form – that Stewart cooperated with federal and state law enforcement. For example, Stewart reported that a cousin received a veiled threat from Hansley in which Hansley stated he would not hold Stewart responsible for past cooperation against Hansley if Stewart failed to cooperate further with law enforcement and refuse to testify.

Thus in an abundance of caution, the government will seek a separation order with the Bureau of Prisons to keep Stewart from being housed in the same facilities as Dudley, Coleman and Hansley.

### III. <u>Conclusion</u>

The United States believes that the nature and extent of the assistance provided by the defendant warrants the filing of a substantial assistance motion so that the Court has the discretion to depart downward from the applicable guideline range.

As noted above, the defendant provided substantial and valuable information that led to the seizure of over ¼ kilogram of crack cocaine, five firearms, including a stolen police gun, a gun linked to a murder, a sawed off shotgun, and $3000 in cash as well as the capture of two federal fugitives. For the reasons set forth above, the United States respectfully submits that the Court should depart from the controlling Guidelines range when determining his appropriate sentence.

<div style="margin-left: 50%;">

Respectfully Submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

/s/
MICHAEL J. GUSTAFSON
ASSISTANT UNITED STATES ATTORNEY
157 CHURCH STREET
NEW HAVEN, CT  06510
Federal Bar No. CT01503

</div>

**CERTIFICATION**

I hereby certify that a copy of the foregoing motion was sent via first class mail on this 27th day of February, 2006, to:

| | |
|---|---|
| Jon L. Schoenhorn | Ray Lopez |
| Schoenhorn & Associates | United States Probation Officer |
| 108 Oak Street | United States Probation Office |
| Hartford, CT 06106 | 915 Lafayette Blvd – Room 211 |
| | Bridgeport, CT 06604 |

                                          /s/
                                    MICHAEL J. GUSTAFSON