UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:02CR213(CFD) |
| v. | |
| PHILLIP STEWART | DATE: May 30, 2006 |

### UNITED STATES' MEMORANDUM IN AID OF SENTENCING

#### Background

On May 19, 2003, the defendant Phillip Stewart pleaded guilty knowingly distributing 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). In doing so, the defendant admitted that on May 31, 2002, he sold 61.6 grams of crack cocaine to an informant working with the Drug Enforcement Administration. The Government respectfully submits that the defendant is not entitled to acceptance of responsibility and, therefore, that his Guidelines sentencing range is 360 months to life imprisonment.

#### Lack of Acceptance of Responsibility

As part of the plea agreement, the Government expressly advised the defendant that it would not recommend that the Court credit three levels for acceptance of responsibility if the defendant did "not terminate[] or withdraw[] from criminal conduct . . . or . . . [commited] a violation of any condition of release." *See* plea agreement at p. 3. The Probation Officer aptly notes that two independent grounds exist to deny the defendant acceptance of responsibility.

First, the defendant continued to sell crack cocaine while on release. At the time of his guilty plea in May 2003, the defendant had been released for approximately four months on a $250,000 non-surety bond that included random drug testing. The Government did not object to

-2-

the defendant's continuation on that bond following the change of plea. However, on January 9, 2004, the defendant was arrested by the New Britain Police Department for Sale of Illegal Drugs and Possession of Narcotics. *See* PSR at ¶ 2. The defendant's bond was revoked, and he has been in federal custody since February 23, 2004.[1]

The Second Addendum to the PSR contains the New Britain Police reports that gave rise to the defendant's arrest on January 9, 2004. In this regard, it is clear that during the week of November 10, 2003, a confidential informant acting under the direction and control of law enforcement officials, purchased a quantity of crack cocaine from the defendant. Based on the strength of this controlled purchase, an arrest warrant was obtained. Thereafter, members of the New Britain Narcotics Enforcement Bureau arrested the defendant on January 9, 2004. Critically, the defendant caused a minor motor vehicle accident during the arrest and, more importantly, was found to be in possession of an additional amount of crack cocaine, which was hidden on his person. These incidents clearly demonstrate that the defendant did not withdraw from criminal conduct or associations following his arrest and conviction in this case.

Nor is this conclusion altered by the fact that the charges in the New Britain matter were *nolled* on or about September 29, 2005. As the Probation Officer points out, a nolle remains open for 13 months. In addition, sentencing courts are entitled to rely on hearsay at sentencing proceedings. *See United States v. Martinez*, 413 F.3d 239 (2d Cir. 2005)(collecting cases). Accordingly, the police reports attached to the Second Addendum to the PSR sufficiently establishes by a preponderance of evidence that the defendant continued to distribute crack

---

[1] The Government has no objection to the defendant's sentence being calculated from this date.

-3-

cocaine while awaiting sentencing in this matter.[2]

Secondly, the PSR notes that the defendant tested positive for THC on January 9, 17, August 20, 22 and 29, and September 2 and 9, 2003.  *See* PSR at ¶ 2.  This repeated pattern of drug usage also demonstrates a failure to terminate from criminal conduct.

## Guidelines Range

The PSR explains that the defendant's ten prior convictions warrant the assessment of twelve criminal history points (two points were not counted pursuant to U.S.S.G. § 4A1.1(c)), and given that the offense of conviction occurred less than two years after release from imprisonment, the defendant has a criminal history category (CHC) of VI.  *See* PSR at ¶ 30.  Moreover, because two of the defendant's prior felony convictions are for Sale of Narcotics and Assault 2, the defendant is a Career Offender pursuant to U.S.S.G. § 4B1.1.  *See* PSR at ¶ 30.  Thus, the controlling sentencing range in this matter is 360 months to life imprisonment.

The Government is unaware of any non-guidelines factors that are applicable to this case.  Finally, the Government will not object to a recommendation from the Court to the Bureau of Prisons that the defendant participate in the 500 hour drug program.

                        Respectfully submitted,

                        KEVIN J. O'CONNOR
                        UNITED STATES ATTORNEY

                        MICHAEL J. GUSTAFSON
                        ASSISTANT UNITED STATES ATTORNEY
                        157 CHURCH STREET
                        NEW HAVEN, CT 06510
                        Federal Bar #CT01503

---

[2]   The Government has not subpoenaed the New Britain Police Department officials to be present at the sentencing hearing.

-4-

## CERTIFICATION

      I hereby certify that a copy of the foregoing motion was sent via facsimile and postage prepaid mail, on this ___ day of May, 2006, to:

| | |
|---|---|
| Jon Schoenhorn, Esq. | Ray Lopez |
| Schoenhorn & Accociates, LLC | United States Probation Officer |
| Attorneys at Law | Room 211 |
| 108 Oak Street | 915 Lafayette Blvd. |
| Hartford, CT 06106 | Bridgeport, CT 06604 |

_____
MICHAEL J. GUSTAFSON
ASSISTANT UNITED STATES ATTORNEY