UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:02CR213(CFD) |
| v. | |
| PHILLIP STEWART | DATE: April 28, 2008 |

## UNITED STATES' MEMORANDUM IN AID OF SENTENCING

### Background

On July 30, 2002, a federal grand jury returned a sealed indictment alleging that on May 31, 2002, Phillip Stewart knowingly and intentionally possessed with intent to distribute and did distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(iii). Federal authorities arrested Stewart on January 9, 2003. Stewart was presented in court and released on bond the same day. On May 19, 2003, Stewart entered a plea of guilty to Count One. Following his plea of guilty, the defendant was permitted to remain free on bond.

While the defendant was awaiting sentencing, he became the subject of a narcotics investigation conducted by the New Britain Police Department. Specifically, the New Britain Police Department made a controlled drug purchase from Stewart on November 25, 2003, and arrested him on January 9, 2004. Following Stewart's arrest on state drug charges, the Court convened a hearing on January 20, 2004, to determine whether it should revoke Stewart's release bond. Stewart offered no evidence to rebut the charges and instead acquiesced to detention without prejudice to revisiting the matter at his request. He never sought a hearing, however.

The Court conducted a sentencing hearing on July 10, 2006. The Court initially calculated

-2-

an advisory Guidelines range of 360 months to life imprisonment, based on the defendant's status as a career offender. The Court denied the defendant's requests for a downward departure and/or a non-Guidelines sentence, and specifically rejected the defendant's argument that his criminal history over represented the seriousness of his criminal record. *See United States v. Mishoe*, 241 F.3d 214 (2d Cir. 2001). The Court, relying on a New Britain Police Department incident report detailing the defendant's arrest for possession of crack cocaine, determined that Stewart was not entitled to credit for acceptance of responsibility. However, based on a motion filed under seal by the government, the Court departed twelve levels to a sentencing range of 110-137 months of imprisonment. The Court imposed a sentence at the bottom of this range (110 months of imprisonment), to be followed by a five-year term of supervised release.

The defendant filed a timely appeal to challenge the Court's determination that he was not entitled to acceptance of responsibility. Specifically, Stewart argued that the Court's reliance on the New Britain Police Department incident report was flawed in that the report constituted hearsay.

The parties appeared before the Second Circuit on December 12, 2007, the day after the United States Supreme Court decided *Kimbrough* and *Gall*. On December 21, 2007, the Second Circuit issued a summary order that read:

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the sentnce be hereby **VACATED** and the matter **REMANDED** for resentencing in accordance with this Order.

We intimate no view on the reasonableness *vel non* of the sentence imposed by the District Court and remand this case for plenary reconsideration of the sentence imposed in accordance with the United States Supreme Court's recent decisions, *Kimbrough v. United States*, 552 U.S. __ (2007), and *Gall v. United States*, 552 U.S. __ (2007).

-3-

## Argument

Resentencing is scheduled for April 29, 2008. The Government submits this memorandum as an aid to the Court and advances two points: (1) the Government will present the testimony of New Britain Detective Gerry Chrostowski, one of the officers who participated in the surveillance and arrest of the defendant on January 9, 2004; and (2) neither the recent Supreme Court decisions nor the amendments to the crack cocaine Guidelines have any bearing on the instant case because Stewart's sentencing range was driven by his status as a career offender. Accordingly, the Court should impose the same sentence (110 months) unless it determines that based on the new facts concerning the defendant's conduct at the time of his arrest, a sentence other than at the bottom of the Guidelines range is appropriate.

### I. Detective Chrostowski Will Testify

Given that the Second Circuit did not address the issue of whether this Court's reliance on the police report to establish Stewart's involvement in criminal conduct while awaiting sentenicng consituted error, the United States will now dispense with the claim by having Detective Gerry Chrostowski testify at the resentencing. It is expected that the detective's testimony will be consistent with the facts contained in the police report that has previously been supplied to the Court. In addition, the Government expects to elicit additional facts about Stewart's attempts to flee the scene and the motor vehicle accident that ensued.

### II. The Defendant's Guidelines Were Driven By His Status As A Career Offender And, Accordingly, There Is No Basis To Adjust His Sentence

The PSR noted that the defendant's ten prior convictions resulted in a criminal history category (CHC) of VI. *See* PSR at ¶ 30. Moreover, because two of the defendant's prior felony

-4-

convictions were for Sale of Narcotics and Assault 2, he qualified as a Career Offender pursuant to U.S.S.G. § 4B1.1. *See* PSR at ¶ 30. The defendant did not dispute this status as a career offender. Rather, he argued at sentencing that his criminal history was overstated and, pursuant to *Mishoe*, 241 F.3d 214, the Court should depart horizontally. The Court squarely rejected this argument, explaining instead that:

> Mr. Stewart deserves his designatioin as a career offender as he has an extensive record for drug dealing as well as a conviction for attempted assault in the second degree and domestic violence offenses. He served two considerable state periods of incarceration prior to this arrest here and he sold drugs after his arrest in this case.

*See* Sentencing Transcript at 51-52.

On remand, the defendant may argue that given the disparity between the crack cocaine and powder cocaine Guidelines, he is entitled to argue for a reduced sentence under the recent decisions in *Kimbrough* and *Gall,* or alternatively, that he is entitled to a two level reduction in his Guidelines range based on the amendments to the crack cocaine Guidelines.

In this case, the defendant cannot gain any relief under either *Kimbrough* or 18 U.S.C. § 3582(c) because his Guidelines range at sentencing was governed not by the quantity of cocaine base involved in his offense but by his career offender designation. This Court concluded that Stewart was appropriately deemed a career offender and that absent any departures, the sentencing guideline range under § 4B1.1 was 360 months to life imprisonment. *See* Sentencing Transcript at 24. The career offender provision is unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing. Stated differently, if the defendant had been convicted of distributing a controlled substance other than cocaine base, for instance marijuana, heroin or cocaine, his Guidelines would still have started at 360 to life given his designation as a

-5-

career offender. Thus the dispartity argument is unavailing in the situation at bar.

Similarly, the defendant is not entitled to a two level adjustment under the recent amendment to the Guidelines. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may *only* be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore *is not authorized under 18 U.S.C. § 3582(c)(2)* if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added).

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. *See, e.g., United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); *United States v. Allison*, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); *United States v. Dorrough*, 84 F.3d 1309, 1311-12 (10th Cir. 1996)

-6-

(the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); *United States v. Armstrong*, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); *United States v. Young*, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

### Conclusion

The Court should not reduce the defendant's sentence below 110 months. Detective Chrostowski's testimony will only amplify the report that this Court previously relied upon to conclude that Stewart was engaging in criminal conduct (selling crack cocaine) while awaiting sentencing in the instant federal case. Thus the defendant is still not entitled to acceptance of responsibility. But, if based on the facts presented at the hearing, the Court determines that Stewart's conduct in attempting to avoid detection and arrest seriously endangered the lives of other persons, then a sentence at a point above the low end of the 110-137 month range may be warranted.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

MICHAEL J. GUSTAFSON
ASSISTANT UNITED STATES ATTORNEY
157 CHURCH STREET
NEW HAVEN, CT 06510
Federal Bar #CT01503

-7-

## CERTIFICATION

      I hereby certify that a copy of the foregoing motion was sent via facsimile and postage prepaid mail, on this 28th day of April, 2008, to:

| | |
|---|---|
| Jon Schoenhorn, Esq. | Ray Lopez |
| Schoenhorn & Accociates, LLC | United States Probation Officer |
| Attorneys at Law | Room 211 |
| 108 Oak Street | 915 Lafayette Blvd. |
| Hartford, CT 06106 | Bridgeport, CT 06604 |

_____
MICHAEL J. GUSTAFSON
ASSISTANT UNITED STATES ATTORNEY