UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:02-CR-00213 (CFD) |
| VS. | : | |
| PHILLIP STEWART | : | JUNE 3, 2008 |

**DEFENDANT'S REPLY TO GOVERNMENT'S RE-SENTENCING MEMORANDUM**

    The defendant respectfully files this memorandum in response to the government's recent updated sentencing memorandum. One day before oral argument in the Second Circuit, the defendant notified the Court of Appeals and opposing counsel that he intended to rely on two Supreme Court decisions pertaining to sentencing that had been released the previous day. The Court of Appeals acknowledged those precedents in its mandate, and remanded to this court for "plenary reconsideration of the sentence imposed." That court did not address the defendant's claim regarding the use of a police report to for a *nolled* warrantless arrest to deny acceptance of responsibility.

    The government now argues that because the defendant's plea acknowledged that he was a career offender, that re-sentencing does not require any consideration of the crack-to-powder ratio for re-sentencing purposes. The defendant disagrees.

    Before the Supreme Court's decision in *United States v. Kimbrough*, 128 S.Ct. 558 (2007), there was no set rule regarding the application of the 100:1 ratio, after the non-mandatory regime which took effect under the *Booker* decision. Because the guidelines were advisory, a sentencing judge could dip below them in a crack case as in any other case (provided the judge did not try to go below a mandatory minimum sentence). In *Kimbrough,* the Supreme Court held that the 100:1 ratio is not a statutory dictate, but merely a judgment, entitled to respect but not to uncritical acceptance, made by the Sentencing Commission as an input into fixing guideline ranges for crack offenders. 128 S.Ct. at 574; see also *United States v. Medina*

*Casteneda,* 511 F.3d 1246, 1248-49 (9th Cir.2008) ; *United States v. Pauley,* 511 F.3d 468, 472-73 (4th Cir.2007).

Even before *Kimbrough,* a sentencing judge could reject the 100:1 ratio, but that would have required the court to expressly disavow the guidelines in that particular case. The court did not sentence the defendant to a career offender range, by departing from the recommended guideline range, but for reasons unrelated to the 100:1 ratio. Thus the fact that this court did not say anything about the ratio during the defendant's prior sentencing, does not mean that this court either agreed with it or thought the ratio was fair.

As the Second Circuit stated recently in *United States v. Regalado,* 518 F.3d 143 (2d Cir. 2008):

> [U]ntil *Kimbrough* and *Gall,* this Circuit tended to discourage district courts from deviating from the crack cocaine Guidelines. Our opinion in *United States v. Castillo,* 460 F.3d 337 (2d Cir.2006), may have been over-read or misread to inhibit any deviation. District courts may also have been inhibited from exercising their full discretion by the fact that the Sentencing Commission borrowed the 100-to-1 Guidelines ratio from the mandatory minimums for drug offenses decreed by Congress. *Id.* at 567 (explaining origin of Guidelines crack to powder ratio). Therefore, when a district court sentenced a defendant for a crack cocaine offense before *Kimbrough,* there was an unacceptable likelihood of error; certainly, the court acted under the influence of a widespread assumption that is now known to be erroneous. Where the defendant failed to argue for such a deviation from the Guidelines range before the sentencing court, it is impossible to know, *ex post,* whether the court would have exercised its discretion to mitigate the sentencing range produced by the 100-to-1 disparity.

Thus, even though the court sentenced the defendant below the recommended guidelines range, the Second Circuit remand called for "plenary reconsideration" and therefore expressly allows this court to reconsider its sentencing calculation based upon *Kimbrough*, which is now further informed by the *Regalado* decision.

Reference to the new retroactive reduced crack guidelines does not alter this view. The new section provides that a sentence under it may not be lower than the new guidelines range,

U.S.S.G. § 1B1.10(b)(2)(A) (Mar. 3, 2008), unless the original sentence was a nonguideline sentence, in which event, however, "a further reduction generally would not be appropriate." *Id.,* § 1B1.10(b)(2)(B) . Like the rest of the guidelines, this provision is merely advisory, in which event a sentence lower than the one prescribed by section 1B1.10(b)(2)(A) may also be in order. Since any sentence considered by this court will constitute an "original sentence," pursuant to the Court of Appeals mandate, the language appears not to apply in any event.

      With regard to the defendant's original appeal issue pertaining to the court's reliance on a municipal police report to deny to the defendant a departure for acceptance of responsibility, the government asserts that it now intends to call a New Britain police detective to detail the assertions that were contained in the police report.[1] The defendant notes that more than 13 months have passed since the New Britain case was nolled. Therefore pursuant to Conn. Gen. Stat. §54-142a, the nolled offense became a dismissal, and is "erased" under Connecticut law.

---

[1] The defendant notes with concern that the government now suggests that the court may *increase* the defendant's sentence above the 110 months that it had imposed in 2006, based upon the proposed testimony concerning the dismissed case. Gov't Memo, pp. 3, 6. Prior to sentencing in 2006, the government stated that it would not call any officers concerning the New Britain, despite the defendant's challenge to the use of the police reports from the *nolled* case, and, instead, would rely on those reports. Thus, the government has improperly suggested that the court should now punish the defendant for having filed and successfully prosecuted the appeal by increasing his sentence. The defendant maintains that enhancing a sentence based upon information known to the government and the court at the time of the original sentence after a successful appeal would raise the specter of judicial vindictiveness. When a court increases a defendant's sentence after appeal without new evidence, a presumption of vindictiveness applies that can only "be overcome by objective information in the record justifying the increased sentence." *United States v. Bryce*, 287 F.3d 249, 257 (2d Cir. 2002), *citing United States v. Goodwin*, 457 U.S. 368, 374 (1982). A sentencing court "may justify an increased sentence by affirmatively identifying relevant conduct or events *that occurred subsequent to the original proceeding.*" *Wasman v. United States*, 468 U.S. 559, 572 (1984) (emphasis supplied). The defendant appealed precisely because he believed that the police reports provided an insufficient basis to deny him acceptance of responsibility. This court disagreed. Merely because the government this time intends to offer live testimony regarding the very same incident does not transform it into "conduct or events that occurred subsequent to the original proceeding*."* The government's improper suggestion should be rejected.

The defendant submits that allowing a Connecticut municipal police officer to rely on documents that are erased and therefore unavailable to him by operation of state law, would constitute a violation of the letter of that law.  It would also violate the intent of the law, which is, to preclude state and local law enforcement from relying on erased records except in narrow circumstances set forth in the statute.  *See, e.g. State v. Anonymous*, 237 Conn. 501 (1996). Furthermore, the government's argument in 2006 that a nolled case could be re-opened within 13 months, and therefore was not a final disposition, obviously no longer applies.

Consequently, the defendant intends to object to the testimony of the New Britain police detective concerning the dismissed state case.

## **CONCLUSION**

For the foregoing reasons, the defendant asks this court to consider a sentence below the 110 months imposed in 2006.

Dated at Hartford, CT this 3rd day of June, 2008.

THE DEFENDANT – PHILIP STEWART

By:    /s/ *Jon L. Schoenhorn*
       Jon L. Schoenhorn, His Attorney
       Jon L. Schoenhorn & Associates, LLC
       108 Oak Street
       Hartford, CT 06106
       Tel.: (860) 278-3500
       Fax: (860) 278-6393
       Fed Bar No. ct00119

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed postage prepaid this 3rd day of June, 2008 to:

Michael Gustafson, Esq.
Assistant United States Attorneys
141 Church Street
New Haven, CT 06510

/s/ <i>Jon L. Schoenhorn</i>
Jon L. Schoenhorn

F:\SHARED\CLIENTS\Stewart\Stewart-reply sentencing memo.wpd